James D. Wood, St. Bar. No. 106936
Attorney at Law
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
Tel. (925) 284-9663
Fax. (925) 283-9663
E-mail: jdw@jdwoodlaw.com

Attorney for Debtor Edward S. Ehee

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>VIPER CAPITAL MANAGEMENT, LLC, et al.,<br><br>    Defendants,<br><br>and<br><br>COMPASS WEST FUND, et al.,<br><br>    Relief Defendants. | No. C 06-06966 SI and 06-7270 SI; 07-3995 SI, 07-3996 SI, and 07-3997 SI<br><br>(Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary Chapter 7 Case Nos. 07-40126T, 07-40129T, 07-40130T)<br><br>DECLARATION OF JAMES D. WOOD IN SUPPORT OF REQUEST FOR ORDER BY DEFAULT GRANTING EDWARD EHEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF YANG LIEN<br><br>**[No Hearing Scheduled]**<br><br>(Local Bankruptcy Rule 9014-1(b)(3)) |
| In re:<br><br>EDWARD SEWON EHEE, et al.,<br><br>Debtors. | |

      JAMES D. WOOD declares:

      1.    I am an attorney licensed to practice before the courts of the State of California and before the United States District Court for the Northern District of California. I am counsel

WOOD DEC. IN SUPP. OF REQ. FOR ORD. BY DEF.
GRANTING EHEE'S MOT. FOR ORDER AUTH. SALE OF
PROP. FREE OF LIEN, No. C 06-06966 SI

of record to Edward Sewon Ehee in connection with the bankruptcy case captioned above in which he is the debtor -- although not in connection with the other civil actions jointly captioned above. This declaration is submitted in support of the motion referenced above filed in the bankruptcy case. I have personal knowledge of the statements contained in this declaration.

2. On November 6, 2007 I filed the following documents in the above captioned case (the "Moving Papers"):

    a. Edward Ehee's Motion for Order Authorizing Sale of Property Free and Clear of Yang Lien.

    b. Notice and Opportunity for Hearing on Edward Ehee's Motion for Order Authorizing Sale of Property Free and Clear of Yang Lien.

    c. Memorandum of Points and Authorities in Support of Edward Ehee's Motion For order Authorizing Sale of Property Free and Clear of Yang Lien.

    d. Declaration of Edward Ehee in Support of in Support of Edward Ehee's Motion for Order Authorizing Sale of Property Free and Clear of Yang Lien.

I contemporaneously filed a Certificate of Service for each of the foregoing documents.

3. None of the Moving Papers mailed to parties in interest on November 6, 2007 has been returned to me by the U.S. Postal Service.

4. The time period for responding to the Moving Papers expired 20 days after November 6, 2007 on November 26, 2007.

5. I have not received any written request for a hearing or objection to the Motion in response to the Moving Papers.

6. I have spoken and/or corresponded with Joong M. Yang both before and after serving the Moving Papers regarding the Motion including the reasons for Ehee's having requested that the Court authorize the sale free and clear of his lien. Since filing the Motion, Mr. Yang has provided me with certain documents substantiating the amount of his claim and the

circumstances of his loan to Ehee. Prior to the expiration of the deadline for objections on this Motion, I E-mailed Mr. Yang that Mr. Ehee would file a request to release to him the funds attributable to his lien if (a) he consented to the proposed sale of the property free and clear of his lien, (b) he made certain representations to Mr. Ehee relating to the loan secured by his lien, and (c) the amount of money he was claiming appeared to be proper. In response, on November 26, 2007, I received electronically from Mr. Yang the letter attached hereto as Exhibit A which, among other things, consents to the relief sought by this Motion. However, Mr. Yang's letter suggests that he believes that notwithstanding the proposed sale free and clear that interest on the loan in question will continue to accrue at the amount provided for in the corresponding promissory note until paid. Since receiving Exhibit A, I have written to Mr. Yang by E-mail. I informed him that I did not believe interest at the full contract rate would properly continue to accrue after the closing of a sale free and clear of liens pursuant to this Motion. I also informed him that Ehee had not decided whether to contest payment of the full amount Yang claims in Exhibit A will be due. I requested that he inform me immediately if, given the foregoing circumstances he wished to withdraw his consent. I have received no response to my November 26, 2007 response described above. The material referenced in this paragraph is submitted to establish that Mr. Yang timely received the moving papers served on November 6, 2007, has had an adequate opportunity to object to the proposed sale free and clear of his lien, and has not done so.

   I declare that the foregoing is true under penalty of perjury under the laws of the United States.

   Executed on November 28, 2007.

                /s/ James D. Wood
                ―――――――――――――――
                James D. Wood

EXHIBIT A

November 20, 2007

Mr. James Wood, Esq.
3675 Mount Diablo Blvd., Suite 250
Lafayette, CA 94549

    RE:   $200,000 Loan to Edward Ehee from Joong M. Yang

Dear Mr. Wood:

This is in response to your email dated November 14, 2007.

1. I am not regularly engaged in making consumer loans. I did not make five or more loans secured by real properties in 2005.

2. The summary of money due from Mr. Ehee is $248,400 based on the anticipated close of escrow and payment by December 31, 2007, itemized as follows: the principal of $200,000; the total interest payment of $10,000 for the period from 1/1/07 to 3/31/07 at 20% interest; the total interest payment of $36,000 for the period from 4/1/07 to 12/31/07 at 24% interest; and the total accrued late fees of $2,400 at $200 per month for the entire period of 12 months. This is in accordance with provisions in Exhibit B in the court papers dated November 5, 2007.

3. I hereby consent to the sale free and clear of my lien in accordance with the papers filed with the court on November 6, 2007.

As you stated in your email, upon receipt of this letter, you will prepare and file papers on Mr. Ehee's behalf requesting the court to authorize the payment of my note from the proceeds of the sale.

Sincerely,

Joong M. Yang