James D. Wood, St. Bar. No. 106936
Attorney at Law
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
Tel. (925) 284-9663
Fax. (925) 283-9663
E-mail: jdw@jdwoodlaw.com

Attorney for Debtor Edward S. Ehee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VIPER CAPITAL MANAGEMENT, LLC, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>COMPASS WEST FUND, et al.,<br><br>　　　　Relief Defendants. | No. C 06-06966 SI, 06-7270 SI; 07-3995 SI, 07-3996 SI, and 07-3997 SI<br><br>(Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary Chapter 7 Case Nos. 07-40126T, 07-40129T, 07-40130T)<br><br>ORDER BY DEFAULT GRANTING EDWARD EHEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF YANG LIEN<br><br>**[No Hearing Scheduled]**<br><br>(Local Bankruptcy Rule 9014-1(b)(3)) |
| In re:<br><br>EDWARD SEWON EHEE, et al.,<br><br>　　　　Debtors. | |

　　　　The Court considered Debtor Edward Ehee's REQUEST FOR ORDER BY DEFAULT

GRANTING EDWARD EHEE'S MOTION FOR ORDER AUTHORIZING SALE OF

PROPERTY FREE AND CLEAR OF YANG LIEN dated November 28, 2007 (the "Default

Request"), EHEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF YANG LIEN dated November 6, 2007 (the "Motion"), related declarations, memoranda, and other supporting documents in chambers pursuant to Bankruptcy Local Rule ("B.L.R.") 9014-1(b)(3) and (4).  The Court assumed jurisdiction over the involuntary bankruptcy case now pending against Debtor Edward Sewon Ehee captioned above by Order dated June 22, 2007 (entered June 27, 2007).

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The time period under B.L.R. 9014-1(b)(3) for filing any opposition and a request for hearing on the Motion having expired with no party having filed such opposition or request, the Default Request and Motion are granted as follows.

2. Ehee is authorized to sell that certain real property commonly know as 6122 Acacia Ave., Oakland, California under 11 U.S.C. Sect. 363.  The sale shall be made substantially in accordance with the "Residential Purchase Agreement and Joint Escrow Instructions" attached to the declaration of Edward Ehee dated November 5, 2007 and filed in this action on November 6, 2007 with such extensions of closing deadlines as the parties may execute.  The sale shall also be subject to the following:

 a. The purchase price shall be $1,200,000;

 b. Closing shall occur within 14 days of the entry of this Order unless both parties agree to an extension of such deadline;

 c. Normal and regular closing costs; except as noted below, all liens and encumbrances of record; and real estate commissions shall be paid from escrow;

    d.    Proceeds of the sale net of such costs, commissions, and liens shall paid into the registry of this Court;

    e.    Ehee shall comply with paragraph IV of the Preliminary Injunction issued by this Court (in Action No. C 06-06966 SI ) on November 22, 2006;

    f.    Ehee is authorized to modify the terms of the sale or sell to a different buyer so long as the terms of such sale are not less favorable to the seller than those set-forth above and Ehee otherwise complies with paragraph IV of the Preliminary Injunction with respect to any such proposed modification or alternative buyer; and

    g.    The sale shall be free and clear of the lien created and evidenced by that certain note and deed of trust dated October 27, 2007 in the face amount of $200,000 in favor of Joong M. Yang (Recorded October 30, 2006 in the Alameda County Official Records under Recorder's Serial Number 2006404634) encumbering the property (the "Yang Lien") pursuant to 11 U.S.C. Sect. 363(f)(3), or (f)(4).  The Yang Lien shall attach to the proceeds of sale to be held in trust in the registry of this Court with the same force, effect, validity, and priority as such lien had with respect to the property sold pursuant to this Order pending further determinations of the Court regarding the effect, validity, amount, and priority of such lien.

3.    The Court waives the 10 day stay of this Order to the extent such stay is otherwise applicable under Fed.R.Bankr.P. 6004(g).

ORDER AUTH. SALE OF PROP. FREE AND CLEAR OF YANG LIEN, No. C 06-06966 SI     -3-

1      4.    The Court reserves jurisdiction over all issues relating to the interpretation, implementation and enforcement of this Order and disposition of the funds held in the Court's registry pursuant thereto.

DATED: _____

~~Proposed Form 11/28/07~~

_____
Susan Illston, United States District Judge

ORDER AUTH. SALE OF PROP. FREE AND CLEAR OF
YANG LIEN, No. C 06-06966 SI     -4-