1   James D. Wood, St. Bar. No. 106936
    Attorney at Law
2   3675 Mount Diablo Boulevard, Suite 250
    Lafayette, California  94549-3775
3   Tel. (925) 284-9663
    Fax. (925) 283-9663
4   E-mail: jdw@jdwoodlaw.com

5   Attorney for Debtor Edward S. Ehee

6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  In re:                              No. C07-3996 SI

13  EDWARD SEWON EHEE                   (Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary
                                        Chapter 7 Case No. 07-40126T)
14  Debtor.
                                        EDWARD EHEE'S MOTION FOR
15                                      AMENDED ORDER AUTHORIZING SALE
                                        OF PROPERTY FREE AND CLEAR OF
16                                      YANG LIEN

17                                      **[No Hearing Scheduled]**

18                                      (Local Bankruptcy Rule 9014-1(b)(3))

19

20       **LIEN HOLDER WHOSE RIGHTS ARE AFFECTED: JOON M. YANG**

21       EDWARD SEWON EHEE ("Ehee") moves as follows:

22                          **RELIEF REQUESTED**

23       By this Motion Ehee requests entry of an **amended** order authorizing him to sell that

24  certain real property commonly know as 6122 Acacia Ave., Oakland, California.  The proposed

25  sale shall be made substantially in accordance with the sale already authorized by the Court

26  pursuant to its order dated and filed December 3, 2007 made in response to "EDWARD EHEE'S

27  MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF

28

YANG LIEN" originally filed on November 6, 2007 under Case No. C 06-06966 SI (refiled under this Case No. December 3, 2007) provided however that the proposed sale shall be subject to an addendum dated December 7, 2007 to the original purchase contract. The December 7, 2007 addendum provides, in substance, that the buyers are to be credited at closing for $30,000 towards certain requested repairs, that pending closing of the sale the buyers agreed to increase their earnest money deposit to $50,000, and that the buyers have removed all other contingencies to the contract. A copy of the December 7, 2007 addendum is attached to the accompanying declaration of Edward Ehee dated December 11, 2007 filed in support of this motion.

## BASIS FOR RELIEF REQUESTED

As detailed in his December 11 declaration, Ehee believes the proposed purchase contract, as amended, is in the best interests of all parties given current market conditions. The proposed buyers have refused to proceed with the sale under the original terms on the grounds that their physical inspections of the property revealed the need for more than $40,000 in estimated repairs. The buyers have requested credit for those repairs. The $30,000 credit contemplated by the December 7, 2007 addendum represents what Ehee believes to be a reasonable compromise of that request.

**WHEREFORE,** the Ehee requests that the Court enter an order authorizing the relief requested in this Motion as set forth in the proposed order attached hereto as Exhibit A. Debtor believes that Exhibit A substantially restates the relief granted by the Court in its December 3, 2007 order except insofar as it approves the terms of the December 7 addendum.

Respectfully submitted,

DATED: December 14, 2007

/s/ James D. Wood
_____
James D. Wood
Attorney for Debtor EDWARD S. EHEE

MotionSaleFreeClearAuth071105_01.doc 12/14/07 JDW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  James D. Wood, St. Bar. No. 106936
   Attorney at Law
2  3675 Mount Diablo Boulevard, Suite 250
   Lafayette, California  94549-3775
3  Tel. (925) 284-9663
   Fax. (925) 283-9663
4  E-mail: jdw@jdwoodlaw.com

5  Attorney for Debtor Edward S. Ehee

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11

12  In re:                                    No. C07-3996 SI I

13  EDWARD SEWON EHEE                         (Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary
                                              Chapter 7 Case No. 07-40126T)
14  Debtor.                                   ORDER BY DEFAULT GRANTING
                                              EDWARD EHEE'S MOTION FOR
15                                            AMENDED ORDER AUTHORIZING SALE
                                              OF PROPERTY FREE AND CLEAR OF
16                                            YANG LIEN

17                                            **[No Hearing Scheduled]**

18                                            (Local Bankruptcy Rule 9014-1(b)(3))

19

20      The Court considered Debtor Edward Ehee's REQUEST FOR ORDER BY DEFAULT

21  GRANTING EDWARD EHEE'S MOTION FOR AMENDED ORDER AUTHORIZING SALE

22  OF PROPERTY FREE AND CLEAR OF YANG LIEN dated _____ (the "Default

23  Request"), EHEE'S MOTION FOR AMENDED ORDER AUTHORIZING SALE OF

24  PROPERTY FREE AND CLEAR OF YANG LIEN dated December 14, 2007 (the "Motion"),

25  related declarations, memoranda, and other supporting documents in chambers pursuant to

26  Bankruptcy Local Rule ("B.L.R.") 9014-1(b)(3) and (4).  The Court assumed jurisdiction over the

27

28
                          **EXHIBIT A**
   AMENDED ORDER AUTH. SALE OF PROP. FREE AND
   CLEAR OF YANG LIEN, No. C07-3996 SI I

involuntary bankruptcy case now pending against Debtor Edward Sewon Ehee captioned above by Order dated June 22, 2007 (entered June 27, 2007).

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The time period under B.L.R. 9014-1(b)(3) for filing any opposition and a request for hearing on the Motion having expired with no party having filed such opposition or request, the Default Request and Motion are granted as follows.

2.    The Order of this Court dated and filed December 3, 2007 in the above captioned action is amended and restated as follows.

3.    Ehee is authorized to sell that certain real property commonly know as 6122 Acacia Ave., Oakland, California under 11 U.S.C. Sect. 363.  The sale shall be made substantially in accordance with the "Residential Purchase Agreement and Joint Escrow Instructions" attached to the declaration of Edward Ehee dated November 5, 2007 and filed under Action No. C 06-06966 SI, on November 6, 2007 subject to the Addendum thereto dated December 7, 2007 attached to the declaration of Edward Ehee dated December 11, 2007 filed in this case on December 14, 2007 with such extensions of closing deadlines as the parties may execute.  The sale shall also be subject to the following:

a.    The purchase price shall be $1,200,000;

b.    Closing shall occur within 14 days of the entry of this Order unless both parties agree to an extension of such deadline;

c.    Normal and regular closing costs; except as noted below, all liens and encumbrances of record; and real estate commissions shall be paid from escrow;

**EXHIBIT A**

d.    Proceeds of the sale net of such costs, commissions, and liens shall paid into the registry of this Court;

e.    Ehee shall comply with paragraph IV of the Preliminary Injunction issued by this Court (in Action No. C 06-06966 SI ) on November 22, 2006;

f.    Ehee is authorized to modify the terms of the sale or sell to a different buyer so long as the terms of such sale are not less favorable to the seller than those set-forth above and Ehee otherwise complies with paragraph IV of the Preliminary Injunction with respect to any such proposed modification or alternative buyer; and

g.    The sale shall be free and clear of the lien created and evidenced by that certain note and deed of trust dated October 27, 2007 in the face amount of $200,000 in favor of Joong M. Yang (Recorded October 30, 2006 in the Alameda County Official Records under Recorder's Serial Number 2006404634) encumbering the property (the "Yang Lien") pursuant to 11 U.S.C. Sect. 363(f)(3), or (f)(4).  The Yang Lien shall attach to the proceeds of sale to be held in trust in the registry of this Court with the same force, effect, validity, and priority as such lien had with respect to the property sold pursuant to this Order pending further determinations of the Court regarding the effect, validity, amount, and priority of such lien.

h.    Buyers shall be credited $30,000 from escrow as an adjustment for estimated repairs as set forth in the December 7, 2007 Addendum identified above.

4.    The Court waives the 10 day stay of this Order to the extent such stay is otherwise applicable under Fed.R.Bankr.P. 6004(g).

AMENDED ORDER AUTH. SALE OF PROP. FREE AND
CLEAR OF YANG LIEN, No. C07-3996 SI I

# EXHIBIT A

5.    The Court reserves jurisdiction over all issues relating to the interpretation,

implementation and enforcement of this Order and disposition of the funds held in the Court's

registry pursuant thereto.

DATED: _____

Proposed Form 12/14/07

_____
Susan Illston, United States District Judge

**EXHIBIT A**