Paul J. Byrne, Esq. (State Bar Number: 190860)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
E-mail: pbyrne@nixonpeabody.com

Richard Pedone (*Admitted Pro Hac Vice*)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Tel: (617) 345-1000
Fax: (617) 345-1300
E-Mail: rpedone@nixonpeabody.com

Attorneys for Petitioning Creditor, Roosevelt Fund, L.P.

James D. Wood
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
(925) 284-9663
Fax: (925) 283-9663
Email: jdw@jdwoodlaw.com

Attorney for Debtor, Edward Sewon Ehee

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| In re:<br><br>EDWARD SEWON EHEE,<br><br>Debtor. | Case No. C 07-03996-SI<br><br>**JOINT PRE-TRIAL STATEMENT**<br><br>**Pre-Trial Conference**<br>**Date: January 22, 2008**<br>**Time: 3:30 p.m.**<br>**Judge: Susan Illston**<br>**Courtroom: 10** |

**JOINT PRE-TRIAL STATEMENT**

The undersigned parties-in-interest to this bankruptcy case hereby submit the following Joint Pre-Trial Statement (the "Joint Statement") in accordance with the Hon. Judge Illston's Pretrial Instructions.[1]

1. The Action:

(A) Substance of the Action: Roosevelt Fund, L.P.[2] (the "Petitioning Creditor" or "Roosevelt") filed an involuntary chapter 7 bankruptcy petition[3] against Edward Ehee (the "Debtor" or "Ehee") on January 12, 2007, pursuant to Section 303 of title 11 of the United States Code (the "Bankruptcy Code")[4]. Because Ehee filed an answer in response to the petition denying certain material allegations contained in the petition, this action is a contested involuntary bankruptcy case pursuant to Fed. R. Bankr. P. 1011 (pleading rules applicable to response to involuntary petitions) and 1013(a) (hearing and disposition of contested petitions in involuntary cases). Pursuant to Rule 1013(a) upon determination of any contested issues, the court shall, "enter an order for relief, dismiss the petition, or enter an other appropriate order."[5]

(B) Relief Prayed: Pursuant to the applicable official involuntary bankruptcy petition form Roosevelt has prayed for an order for relief against Ehee under Chapter 7 of the Bankruptcy Code. Ehee has contested the request and seeks dismissal of the bankruptcy case -

---

[1] This Joint Statement is due as of January 8, 2008 pursuant to the directions made by Court at the Case Management conference held on this matter on November 30, 2007 during which the Court also scheduled trial for February 4, 2008. As of the preparation of this statement, Roosevelt has initiated but has not concluded Edward Ehee's deposition. Furthermore, the response date for various document requests, requests for admissions, and interrogatories served upon Edward Ehee is not until January 14, 2008. Roosevelt has also given notice of a deposition for Jennifer Ehee which is scheduled for January 14, 2008. Accordingly, the parties reserve their right to supplement or amend this Joint Statement as discovery concludes.

[2] Roosevelt Fund, L.P. was previously known as A.A.G. Roosevelt Fund, L.P. and its official corporate name was previously Anira Advisory Group Roosevelt Fund, L.P.

[3] The petition conforms to Official Bankruptcy Form 50.

[4] This Court has assumed jurisdiction over the case by virtue of its order dated May 10, 2007 withdrawing the reference of this involuntary bankruptcy and the related bankruptcy cases from the Bankruptcy Court.

[5] Ehee reserves the right to request that the Court convert the case to one under another chapter of the Bankruptcy Code if the Court determines that the petition should not be dismissed and Roosevelt reserves the right to object to any such request.

including dismissal based upon this Court's abstention authority. Roosevelt disputes that any request for abstention is properly before this Court and notes that Ehee failed to raise the issue of abstention in his answer.

2. <u>The Factual Basis of the Action</u>:

(A) <u>Undisputed Facts</u>:

The following are undisputed for the purposes of determination of whether an order for relief should be entered in this case. Roosevelt contends that these facts should be undisputed for all purposes in this bankruptcy case. Ehee disputes that these facts are undisputed for purposes other then the determination of whether an order for relief should be entered in this case[6]:

1. Roosevelt is a Delaware limited partnership with a principal place of business in Greenbrae, California.

2. Ehee is a natural person who is a citizen and resident of the United States and is a resident of Oakland, California. Ehee is also a person against whom an order for relief may be entered under Chapter 7 of Bankruptcy Code Sect. 303 except to the extent of any disability that may be imposed upon him by Bankruptcy Code Sect. 109(h). Roosevelt contests the applicability of Bankruptcy Code Sect. 109(h) in involuntary bankruptcy cases.

3. As of the commencement of this case, Ehee had not and has not now complied with the credit counseling prerequisites described in Bankruptcy Code Sect. 109(h).

4. On November 8, 2006, the Securities and Exchange Commission ("<u>Commission</u>") filed an action alleging violations of the federal securities laws against Ehee and others with this Court. *Securities & Exchange Commission v. Viper Capital Management, LLC, et al.*, Case No. C-06-6966-SI (the "<u>SEC Action</u>").

5. On November 22, 2006, Roosevelt filed a complaint (the "<u>Complaint</u>") against Ehee and his management companies alleging violations of the federal securities laws and other state law claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.)

---

[6] Roosevelt is prepared to prove these facts at trial and believes that any admission should be for all purposes in this bankruptcy case. Ehee disputes this contention.

(the "Roosevelt Action").

6. In addition to filing this Bankruptcy case against Ehee, Roosevelt simultaneously filed involuntary bankruptcy petitions as follows:

(a) Compass Fund Management, LLC, thus commencing *In the Matter of Compass Fund Management, LLC*, U.S. Bk. Ct. N.D. Chapter 7 Case No. 07-40129 (Now U.S. Dist. Ct. N.D. Cal. Chapter 7 Case No. , 07-3995 SI) ("Compass Fund Management Bankruptcy Case"); and

(b) Compass West Fund, L.P., thus commencing *In the Matter of Compass West Fund, L.P.*, U.S. Bk. Ct. N.D. Chapter 7 Case No. 07-40130 (Now U.S. Dist. Ct. N.D. Cal. Chapter 7 Case No. 07-3997 SI) ("Compass West Bankruptcy Case").

7. No party contested the petitions filed in either the Compass Fund Management Bankruptcy Case or the Compass West Bankruptcy Case. Orders for relief have been entered and chapter 7 trustees appointed in both such cases. This Court has deemed the SEC Action, this involuntary bankruptcy case, the Roosevelt Action, the Compass Fund Management Bankruptcy Case and the Compass West Bankruptcy Case to be related cases.

8. Ehee has executed a settlement of the SEC Action with the Commission final approval for which is now pending before the Commission. The proposed SEC Settlement contemplates, *inter alia* that this Court will assert and maintain jurisdiction over various property to be disgorged and by Ehee and others and that such property will be disbursed to investors pursuant to an equitable plan to be approved by the Court.

9. For the limited purpose of the contested involuntary petition, Ehee does not dispute that:

(a) Roosevelt was eligible to file the petition under Bankruptcy Code Sect. 303(b);

(b) That Roosevelt's unsecured claim against Ehee exceeds $13,475[7]; and

(c) That as of the commencement of January 12, 2007, Ehee was generally not paying his debts as they become due unless such debts were subject of a bona fide dispute as to liability or

---

[7] At trial Roosevelt will be prepared to prove the actual amount of its claim.

amount.[8].

10.     In connection with discovery proceedings taken in this action and elsewhere, Ehee has asserted and expects to continue to assert his privilege under the United States Constitution against providing testimony that may tend to incriminate himself with respect to various issues that may be relevant to this action.

(B) <u>Disputed Factual Issues</u>:

Roosevelt contends that:

Based on:

(a) Ehee's failure to answer the Complaint;

(b) Ehee's invocation of the Fifth Amendment of the United States Constitution against self-incrimination at various times, including at his January 7, 2008 deposition taken by Roosevelt; and

(c) Ehee's failure to comply with Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 1003(b).

No disputed factual issues exist with regard to all relevant issues, including the nature and amount of Roosevelt's claim and the factual circumstances that gave rise to that claim as outlined in the Complaint.

Ehee contends that:

(a) Ehee's failure to answer Roosevelt's Complaint has no bearing on any relevant factual issue because neither a failure to timely file an answer nor the entry of a clerk's default operates as either an admission of any fact or as any form of estoppel (this is particularly true where, as here, prosecution of the action in which the alleged default has occurred is stayed by the pendency of bankruptcy proceedings and therefore the defendant is under no immediate duty to seek relief from any such default), and

(b) Ehee's invocation of his Constitutional privilege against self-incrimination does not in itself establish nor admit any fact.

---

[8] The position set forth in this paragraph of the Joint Statement constitutes concessions from the position taken in Ehee's answer to the petition.

(c) In view of the uncontested facts, recited herein, no material disputed facts remain as to the involuntary action. Ehee continues to contest Roosevelt's general allegations including the nature and amount of Roosevelt's claim and the factual circumstances that gave rise to that claim as outlined in the Complaint which allegations Ehee contends are not material to the present issue of whether a petition for relief should be entered against him.

(C) <u>Agreed Statement</u>:

The parties do not believe that any agreed statement is necessary independent of the undisputed facts recited above.

(D) <u>Stipulations</u>:  The parties anticipates that they will stipulate to the Court's taking judicial notice of all actions taken and items filed in the SEC Action, the Roosevelt Action and the related bankruptcy cases (though not necessarily to the legal or evidentiary consequences of such actions and filings) – including the substance of Ehee's proposed settlement with the Commission.

In addition, Roosevelt has requested a stipulation admitting the Declaration of Xavier Carlos Vasquez filed in the SEC Action on or about November 8, 2007 and all exhibits thereto.  Ehee and his counsel are considering that request.

(3) <u>Disputed Legal Issues:</u>

The degree to which Roosevelt may rely on the inferences drawn against Ehee, based on his invocation of the Fifth Amendment of the United States Constitution against self-incrimination at various times, to meet Roosevelt's burden under the facts of this case.

(A) <u>Points of Law</u>:

An involuntary case is commenced by the filing of a petition under Section 303 of the Bankruptcy Code.

An involuntary petition can be filed by (i) three or more creditors holding liquidated, undisputed claims which aggregate at least $13,475 more than the value of any collateral securing the claims; (ii) by one or more creditors holding liquidated, undisputed claims equaling at least $13,475 if fewer than 12 non-employee and non-insider creditors exist; (iii) by fewer than all general partners in a partnership; or (iv) by a foreign representative of the estate in a foreign proceeding regarding the debtor 11 U.S.C. Section 303(b)(1) –(4).

Bankruptcy Rule 1018 identifies the rules in Part VII of the Federal Rules of Bankruptcy Procedure (regarding adversary proceedings) that "apply to all proceedings relating to a contested involuntary petition . . . except as otherwise provided in Part I of these rules and unless the court otherwise directs. The court may direct that other rules in Part VII shall also apply." The effect of Bankruptcy Rule 1018 is to make Rules 5, 8, 9, 15 and 56 of the Federal Rules of Civil Procedure "generally applicable" to the raising of defenses and objections to the petition.

If an involuntary case is contested, the court will conduct a trial to determine whether the statutory requirements for the entry of an order for relief have been met. The petitioners must establish that they are sufficient in number, type of debt, and amount of debt to fulfill the requirements of 11 U.S.C. § 303 (b) and that the debtor is generally not paying its undisputed debts as they become due or that a custodian has been appointed within 120 days of the filing of the petition to take charge of less than substantially all of the debtor's assets. 11 U.S.C. § 303(h); In re Mayhew, 194 B.R. 6, 6-7 (Bankr. D.R.I. 1996); In re Norris, 183 B.R. 437, 449-50 (Bankr. W.D. La. 1995).

Bankruptcy Rule 1003(b) provides that "[I]f the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file with the answer a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof.[9]"

For the purposes of counting how many creditors a potential debtor has, certain enumerated groups of creditors are excluded such as employees, insider and transferees of an avoidable transfer under sections 544, 545, 547, 548, 549 and 724(a) of the Bankruptcy Code. 11 U.S.C. § 303(b)(2).

(B) Proposed Conclusions of Law:

Roosevelt's Proposed Conclusions of Law:  As of January 12, 2007, (a) Ehee had fewer then 12 non-employee and non-insider creditors holding liquidated, undisputed claims equaling at least $13,475; (b) Roosevelt held a claim a claim of at least $13,475 against Ehee; and (c) Ehee was not paying his debts as they become due.  Accordingly, an order for relief pursuant to Bankruptcy Code

---

[9] Ehee's Answer makes no such claim.

Sect. 303 should be entered in this case.

Ehee's Proposed Conclusions of Law: (a) As of January 12, 2007, Ehee was not a person against whom an order for relief may be entered under title 11 of the United States Code due to his non compliance with the prerequisites imposed under Bankruptcy Code Sect. 109(h); (b) Failure by the Court to dismiss the involuntary petition is inconsistent with the proposed settlement with the Commission in that the Court cannot legally authorize the simultaneous administration of a bankruptcy case against Ehee while continuing to exercise equitable authority to formulate and administer a plan for the equitable disbursement of disgorged property as is contemplated by Ehee's proposed settlement with the Commission in connection with the Viper v. SEC action; and (c) Accordingly, in lieu of interfering with the Viper v. SEC action, the Court should exercise its equitable and discretionary power to dismiss or suspend the involuntary bankruptcy case under Bankruptcy Code Sect. 305.

4. Trial Preparation:

(A) Witnesses to be Called:

Roosevelt's Witnesses: If this action proceeds to trial, Roosevelt expects to call the following witnesses: (i) Kal Salama of Roosevelt regarding the factual circumstances regarding Roosevelt's investments, the Complaint, and Ehee's indebtedness to Roosevelt; (ii) Chun Wong regarding Ehee's and the Corporate Defendants' accounting; (iii) Robert Ehee as a fact witness concerning the allegations contained in the Complaint and Ehee Petition; (iv) Jennifer Ehee; and (v) Edward Ehee (live or through the designation of deposition transcripts). As discovery is still ongoing, Roosevelt reserves its right to amend or supplement this list as necessary. Roosevelt may also call certain record keepers if the Declaration of Xavier Carlos Vasquez filed in the SEC Action on or about November 8, 2007 is not admitted into evidence at trial through a stipulation.

Ehee expects to object to the introduction of any testimony extraneous to any remaining disputed facts relevant to the entry of an order for relief in the bankruptcy case including the witnesses referenced by Roosevelt above.

Ehee Witnesses: Ehee will not call any witnesses at trial except in rebuttal to Roosevelt's testimony permitted by the court.

JOINT PRE-TRIAL STATEMENT                -8-                            10861537.1
CASE NO. C-07-03996-SI

(B) <u>Exhibits, Schedules and Summaries</u>: Roosevelt expects to submit substantially all of the exhibits which were attached to the Declaration of Xavier Carlos Vasquez in order to establish the facts and legal arguments asserted by Roosevelt. Ehee's response to certain document requests, requests for admissions, and interrogatories of Roosevelt are not due until January 14, 2008. As discovery is still ongoing, Roosevelt reserves its right to amend or supplement this response as necessary.

Ehee expects to object to the introduction of any documents or other evidence extraneous to any remaining disputed facts relevant to the entry of an order for relief in the bankruptcy case. Ehee expects to rely upon pleadings now on file with the Viper v. Ehee action to establish the inconsistency between the proposed settlement with the Commission and the entry of an order for relief in the Bankruptcy Case.

(C) <u>Trial</u>: No jury is requested nor permitted in this type of bankruptcy action.

(D) <u>Estimate of Trial Time</u>: Any trial should last approximately one (1) day.

(E) <u>Use of Discovery Responses</u>: The deposition of Ehee was conducted on January 7, 2008 and the deposition of Jennifer Ehee has been noticed and is scheduled to occur on January 14, 2008. Furthermore, Ehee's response to certain document requests, requests for admissions, and interrogatories of Roosevelt are not due until January 14, 2008. As discovery is still ongoing, Roosevelt reserves its right to amend or supplement this response as necessary, however, Roosevelt fully expects use excerpts from the Edward Ehee and Jennifer Ehee depositions at trial. Roosevelt anticipates seeking admission of Ehee's deposition as well as his testimony taken under oath by the SEC and attached to the Declaration of Xavier Carlos Vasquez. Ehee reserves the right to object to the use of such materials and to admission of any other evidence extraneous or immaterial to any remaining disputed issues.

(F) <u>Further Discovery or Motions</u>: Ehee's response to certain document requests, requests for admissions, and interrogatories of Roosevelt are not due until January 14, 2008. Further, the deposition of Jennifer Ehee has been noticed; however, she has not been made available for a deposition to date.

Roosevelt reserves its right to file a motion in limine to prohibit Ehee from presenting any evidence or offering any testimony at trial. Ehee reserves similar rights against Roosevelt including with respect to irrelevant or immaterial testimony.

5. <u>Trial Alternatives and Options</u>:

(A) <u>Settlement Discussion</u>: Pursuant to this Court's order, a settlement conference is scheduled for January 28, 2008. Roosevelt does not believe that any further discussions will be fruitful as Roosevelt has already spent dozens of hours negotiating and drafting a settlement which Ehee failed to enter into. Nonetheless, Roosevelt will participate in these discussions in good faith and awaits a written settlement proposal offering terms acceptable to Ehee. Ehee believes that further discussions may be fruitful and denies that he has failed to actively pursue settlement.

(B) <u>Consent to Magistrate Judge for All Purposes</u>: The parties will not consent to a magistrate judge to conduct any further proceedings.

(C) <u>Amendments, Dismissals</u>: In accordance with the applicable provisions of the Bankruptcy Rules and the Bankruptcy Code, Roosevelt reserves its right to join any additional petitioning creditors to the Ehee Petition up until any order for relief is entered or a dismissal is obtained in the bankruptcy proceeding. Ehee requests that its answer be deemed amended to conform to the statements and positions taken in this Joint Statement.

(D) <u>Bifurcation, Separate Trial of Issues</u>: Only a narrow set of contested issues is currently outstanding in this matter, and as such, any narrowing or bifurcation of issues is impossible.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

Dated: January 8, 2008                              Respectfully Submitted,

NIXON PEABODY LLP

/s/ Christopher Desiderio
CHRISTOPHER DESIDERIO
RICHARD PEDONE
PAUL J. BYRNE

Attorneys for Creditor, AAG Roosevelt Fund, L.P.

/s/ James D. Wood
JAMES D. WOOD
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
(925) 284-9663
Fax: (925) 283-9663
Email: jdw@jdwoodlaw.com

Attorney for Debtor, Edward Sewon Ehee

Pursuant to Part X of General Order No. 45 governing electronic case filing, the attorney filing this document attests that concurrence in the filing of the document has been obtained from each of the other signatories whose signature is indicated above.